## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **ENDRIA BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CAUSE NO.**  1:17-cv-4210 |
| | ) | |
| **INDIANAPOLIS PUBLIC** | ) | |
| **SCHOOLS EDUCATION** | ) | |
| **FOUNDATION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  NATURE OF THE CASE

1.      Plaintiff, Endria Bailey, (hereinafter "Bailey"), by counsel, brings this action

against Defendant, Indianapolis Public Schools Education Foundation, Inc. (hereinafter

"Defendant"), alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C.

§ 12101 *et. seq.*

### II.  PARTIES

2.      Bailey is a resident of the State of Indiana, who at all relevant times resided

within the geographic boundaries of the Southern District of Indiana.

3.      Defendant is a corporation who conducts business within the geographic

boundaries of the Southern District of Indiana.

### III.  JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation

pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; and 42 U.S.C. § 12117.

1

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6.      Bailey was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7.      Bailey is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Bailey's disability and/or regarded Bailey as being disabled and/or Bailey had a record of being disabled.

8.      Bailey satisfied her obligation to exhaust her administrative remedies after having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination.  Bailey received the required Notice of Sue Rights and timely files this action.

9.      A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10.     Defendant hired Bailey on or about February 2015.  Most recently, Bailey worked as a Business Education Teacher at Broad Ripple High School.

11.     Bailey's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

12.     On November 18, 2016, Bailey was attacked by a student and physically assaulted.  As a result of the attack, Bailey became disabled as that term is defined by the Americans with Disabilities Act.

13.     Bailey requested an accommodation from the Defendant.  Specifically, her physician recommended that she be transferred out of the classroom environment where she has direct responsibility for instructing students.  Bailey suggested a variety of alternate positions,

such as Quality Assurance, Curriculum Design, and Information Technology, all for which she was well qualified.

14.     Defendant refused to accommodate Bailey and, on May 3, 2017, informed Bailey that it was going to terminate her employment, if she did not resign by the end of the week.

15.     The reason given for her termination is pretext for discrimination based on her disability.

## V. LEGAL ALLEGATIONS

16.     Paragraphs one (1) through fifteen (15) of Bailey's Complaint are hereby incorporated.

17.     Defendant violated Bailey's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* by failing to provide a reasonable accommodation.

18.     Defendant violated Bailey's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 1201, *et. seq.* by failing to provide her with a reasonable accommodation and discriminating against her because of her disability when it terminated her employment.

19.     Defendant's actions were intentional, willful and in reckless disregard of Bailey's rights as protected by the ADA.

20.     Bailey has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Endria Bailey, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.     Reinstate Bailey to the position, salary, and seniority level she would have enjoyed but for the Defendant's unlawful actions; and/or payment to Bailey of front pay in lieu thereof;

2. Compensatory, consequential and emotional damages to Bailey;

3. Compensation for Bailey's lost wages and benefits;

4. Compensation for any and all other damages suffered as a consequence of

Defendant's unlawful actions;

5. Punitive damages for violations of the ADA;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANCYH & MACER, LLC

*/s/ Ryan Sullivan*_____
Ryan Sullivan (Atty No. 34217-64)
8888 Keystone Crossing, Suite 1300
Indianapolis, IN 46240
Telephone:  (317) 575-4108
Facsimile:   (812) 424-1005
Email:  rsullivan@bdlegal.com

*Attorneys for Plaintiff, Endria Bailey*

## DEMAND FOR JURY TRIAL

Plaintiff, Endria Bailey, by counsel, requests a trial by jury on all issues deemed so triable.


Respectfully submitted,

BIESECKER DUTKANCYH & MACER, LLC

*/s/ Ryan Sullivan*_____
Ryan Sullivan (Atty No. 34217-64)
8888 Keystone Crossing, Suite 1300
Indianapolis, IN 46240
Telephone:  (317) 575-4108
Facsimile:   (812) 424-1005
Email:  rsullivan@bdlegal.com